UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MALCOLM QUERIDO

v.  C.A. NO. 10-099 ML

A.T. WALL ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

On March 1, 2010, *pro se* plaintiff, Malcolm Querido ("Plaintiff"), an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 ("§ 1983") naming sixteen administrators and employees as defendants (the "Defendants") (Docket # 1). As Plaintiff is proceeding *in forma pauperis* in this action, I screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"). On April 13, 2010, I issued a Report and Recommendation (the "April 13th R&R") recommending that the Complaint be dismissed in part for failing to state a claim for which relief may be granted (Docket # 4). Among the claims I recommended be dismissed were Plaintiff's claims against Correctional Officer Pinheiro because the Complaint contained no factual allegations regarding Pinheiro. Plaintiff objected to the April 13th R&R (Docket # 5). Chief Judge Lisi has not yet ruled on the April 13th R&R or the objections thereto.

On April 22, 2010, Plaintiff filed a motion to amend the Complaint to include allegations that Pinheiro punched Plaintiff in the face, stomach and ribs while Plaintiff was handcuffed behind his back, causing Plaintiff to bleed from the nose and mouth and serious bruises on Plaintiff's body (Docket # 6). I granted Plaintiff's motion to amend and ordered the Amended Complaint be docketed. Accordingly, as the Amended Complaint supersedes the Complaint, I have screened the Amended Complaint pursuant to § 1915(e)(2). As set forth below, I recommend that the Amended Complaint be dismissed in part.

## DISCUSSION

The only differences between the Complaint and the Amended Complaint are the allegations regarding Pinheiro. Therefore, rather than restate the facts and discussion of the applicable law, I refer to the April 13th R&R. Further, with the exception of the claims against Pinheiro, I make the same recommendations regarding the claims in the Amended Complaint as set forth in the April 13th R&R with respect to the claims in the Complaint.

1

With respect to the claims against Pinheiro, assuming the truth of the allegations in the Amended Complaint, I find that the Amended Complaint states a claim of excessive force against Pinheiro in violation of the Eighth Amendment. I therefore recommend that the Amended Complaint be served on Correctional Officer Pinheiro.

## CONCLUSION

First, I find that the Amended Complaint fails to state cognizable claims against:

(i) Wall, Bailey, and Weeden, with respect to their actions as supervisors;

(ii) Kettle and Accetto, with respect to the use of excessive force against Plaintiff on September 25, 2009; and

(iii) Cabral and Accetto, with respect to the interrogation of Plaintiff on October 28, 2009.

I therefore recommend that such claims be DISMISSED. Additionally, as the Amended Complaint contains no other claims against Defendants Wall, Bailey, Weeden, Kettle, Accetto, and Cabral, I further recommend that these six Defendants be DISMISSED as parties to the instant action.

Second, I find that the Amended Complaint states Eighth Amendment claims of excessive force at this stage of the proceedings against the following ten Defendants: (i) Denise, (ii) Didnato, (iii) Burg, (iv) Burt, (v) Montecalvo, (vi) Traves, (vii) Pezza, (viii) Cummins, (ix) Duffy, and (x) Pinheiro. Accordingly, I recommend that such parties be served as Defendants in this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
May 4, 2010