UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MALCOLM QUERIDO

v.                                                                         C.A. NO. 10-099 ML

ASHBEL T. WALL et al.

MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

    Presently before the Court is a Motion to For Leave to File a Second Amended Complaint (Docket # 18) filed by *pro se* plaintiff, Malcolm Querido ("Plaintiff"), an inmate at the Adult Correctional Institutions in Cranston, Rhode Island. Defendants have objected to Plaintiff's motion (Docket # 19). For the reasons stated below, Plaintiff's motion is GRANTED.

DISCUSSION

    Plaintiff seeks leave to file a Second Amended Complaint to (i) include additional details regarding an alleged incident of excessive force against him about which he complained in the Amended Complaint and (ii) add as a defendant Correctional Officer Subs, whom Plaintiff alleges was one of the officers who used excessive force against him. Defendants have objected to Plaintiff's motion, urging that Plaintiff failed to submit a proposed Second Amended Complaint along with his motion for leave to amend, as required by Local Rule of Civil Procedure 15. LR Cv 15(a).

    Pursuant to the Federal Rules of Civil Procedure, once an opposing party has submitted a response to a plaintiff's complaint, the plaintiff is permitted to amend his pleading "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The court is instructed to give leave freely when justice so requires. *Id.* "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

Although Plaintiff here failed to file a separate proposed Second Amended Complaint, it is clear that he intends the description in the two-page motion to be the amendment to the Amended Complaint. Further, while an amended complaint generally supersedes and replaces a prior complaint in its entirety, *see Kolling v. Am. Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir. 2003), it is clear that Plaintiff intends to add the new description to the Amended Complaint, rather than replace it. Given Plaintiff's *pro se* status and absence of any undue dely, bad faith, undue prejudice or obvious futility in connection with Plaintiff's motion, Plaintiff's motion is GRANTED.

As it is clear that Plaintiff intends to add to, rather than replace, the Amended Complaint, the Clerk of the Court shall (i) docket as the Second Amended Complaint a copy of the Amended Complaint together with a copy of the instant Motion for Leave to File an Amended Complaint and (ii) add C/O Subs as a defendant.

**IT IS SO ORDERED.**

_____
Jacob Hagopian
Senior United States Magistrate Judge
October 26, 2010

2