UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**MALCOLM QUERIDO**

v.                                                                                        C.A. NO. 10-099 ML

**ASHBEL T. WALL et al.**

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court are motions filed by plaintiff, Malcolm Querido ("Plaintiff"), *pro se*, for (i) entry of default and (ii) entry of default judgment against the named defendants ("Defendants"), pursuant to Rule 55 of the Federal Rules of Civil Procedure for failure to answer or otherwise defend against the claims in this action (Docket # 14 & 17). Defendants have objected to the motions (Dockets ## 17 & 22). These matters have been referred to me for preliminary review and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, I recommend that plaintiff's motions be DENIED.

## DISCUSSION

Defendants were served the Amended Complaint in this action on July 8, 2010 (Docket # 13), and, thus, their response was required on or before August 5, 2010. Fed.R.Civ.P. 4. At the time Plaintiff filed the motion for entry of default, Defendants had not responded to the Amended Complaint; however, Defendants subsequently answered the Complaint on September 21, 2010 (prior to the docketing of Plaintiff's motion for entry of default judgment), denying the allegations made against them (Docket # 15).

Here, although they filed their response late, neither a default nor a default judgment should be entered against Defendants who have now answered the Complaint and are actively defending against this action. *See* Fed.R.Civ.P. 55(a) (default should be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend"); *see also Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)( "actions should ordinarily be resolved on their merits"). Defendants explain in their objection that their response was late due to the press of business and oversight by their attorney. Further, Defendants urge, (i) their delay in responding to the Amended Complaint was not willful, but was based on mistake of counsel, (ii) they have a meritorious defense against these allegations, and (ii) the delay of approximately

50 days does not result in any prejudice to the Plaintiff in prosecuting this case (nor has Plaintiff alleged any prejudice in his motion). *C.f. id.* ("In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented").

Accordingly, I recommend that Plaintiff's motions for default and default judgment be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Jacob Hagopian
_____
Jacob Hagopian
Senior United States Magistrate Judge
October 26, 2010